**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4244

MARILOU F. HULING,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-95-78)

Submitted: October 28, 1997

Decided: January 26, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew M. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appel-
lant. Helen F. Fahey, United States Attorney, Robert F. Porcarelli,
Special Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marilou Huling appeals her conviction and sentence of four days incarceration and a $250 fine for theft of government property.[1] Huling contends the prosecution failed to present sufficient evidence of an intent to steal to sustain her conviction. Because Huling's appeal is meritless, we affirm.

In December 1994 Huling was observed by closed-circuit television in the check-out line at the Navy Exchange (the Exchange) in Norfolk, Virginia. Huling bought several items and paid by check in the amount of $146.16. In addition, Huling's co-defendant, a cashier at the Exchange, marked "sold" on a "My Size Barbie" doll, a Teddy Ruxpin doll, and a Lladro porcelain figurine, and Huling removed the items from the store. The total value of the unpurchased items was $578.99. After Huling left the Exchange, investigators questioned the co-defendant cashier concerning the observed discrepancies. Later that night, Huling phoned the Exchange claiming that she had discovered the unpaid items and she arranged to return the items the next morning.

When Huling returned the items to the Exchange she was arrested and charged with theft of government property. Huling was tried and convicted by a magistrate judge. Huling received a sentence of four consecutive days incarceration and a $250 fine. Huling appealed her conviction and sentence to the district court. Finding the evidence sufficient to sustain her conviction, the district court affirmed Huling's conviction and sentence. Huling appeals to this court claiming that the evidence was insufficient to convict her beyond a reasonable doubt.

However, the relevant question is not whether we are convinced of her guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.[2] We must consider all circumstan-

_____

[1] 18 U.S.C. § 641 (1994).
[2] **See United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993).

2

tial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established.[3]

Huling maintains that the Government's case against her was flawed because the Government failed to establish the element of specific intent. According to Huling, the Government's evidence was insufficient because it did not foreclose her argument that she acquired the items through mistake or inadvertence, and not a wilful criminal act. The Government's burden, however, was not to disprove Huling's defense. Rather the Government's obligation was to place enough evidence before the fact finder to prove beyond a reasonable doubt that Huling stole, purloined, or converted government property.

The Government presented enough direct and circumstantial evidence showing that Huling stole, purloined, or converted government property. It showed that Huling: (1) knew her co-defendant; (2) brought items that she did not plan on purchasing to the check-out aisle; (3) returned items to her shopping cart that were marked "sold," but she had not purchased; (4) had noticed that the value of the items in her shopping cart were greater than the amount she paid; (5) took the unpurchased items out of the Exchange and placed them in her car and drove home; and (6) did not contact the Exchange to return the items until after her co-defendant was questioned regarding the theft. Additionally, the magistrate judge found Huling's explanation that her possession of the items was due to a mistake or her negligence constituted perjury. Given the foregoing evidence, we hold that any rational trier of fact could have found the essential elements of theft of government property beyond a reasonable doubt.

Accordingly, we affirm Huling's conviction and sentence for theft of government property. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
[3] See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

3